## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| | | Case No. 19-23156 |
| NICHOLAS ANDREW HILDEBRANDT | * | (Chapter 7) |
| ASHLEY IRENE HILDEBRANDT | | |
| | * | |
| Debtors. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| 5G VENTURE CAPITAL MANAGEMENT, LLC | |
| 21011 Ridge Road | * |
| Freeland, MD 21011, | |
| | * |
| Movant, | |
| | * |
| v. | |
| | * |
| NICHOLAS HILDEBRANDT and | |
| ASHLEY HILDEBRANDT | * |
| 45 Dendron Court | |
| Parkville, MD 21234, | * |
| | |
| and | * |
| | |
| MARC BAER, Trustee | * |
| 455 Main Street | |
| Reisterstown, MD 21136, | * |
| | |
| Respondents. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR RELIEF FROM AUTOMATIC STAY TO ALLOW FORECLOSURE
### (45 Dendron Court, Baltimore, Maryland 21234)

5G Venture Capital Management, LLC (the "Movant"), by its undersigned counsel, pursuant to 11 U.S.C. § 362(d), files this motion seeking relief from the automatic stay of 11 U.S.C. § 362(a) so that it may foreclose on that real property owned by the debtors in the above-captioned case (the "Motion"). In support of the Motion, Movant states as follows:

### Background

1.      Nicholas Hildebrandt and Ashley Hildebrandt, the debtors in the above-captioned case (the "Debtors"), commenced this proceeding (the "Bankruptcy Case") by filing a petition under chapter 7 of the Bankruptcy Code on October 1, 2019 (the "Petition Date").

2.      Marc Baer was appointed to serve as trustee in this chapter 7 proceeding and is acting in that capacity.

3.      Prior to the Petition Date, on February 14, 2018, Hildebrandt MATS Holdings, LLC (the "Borrower") executed note in favor of Movant in the principal amount of $40,000.00 (the "Note").  A true and accurate copy of the Note is attached hereto as ***Exhibit A***, and is incorporated herein by reference.

4.      The Borrower's obligations under the Note are guaranteed by the Debtors, and further secured by a Indemnity Deed of Trust (the "Deed of Trust"), encumbering that real property owned by the Debtors commonly known as 45 Dendron Court, Baltimore, MD 21234 (the "Property").  A true and correct copy of the Deed of Trust, which was recorded among the Land Records of Baltimore County, Maryland, is attached hereto as ***Exhibit B*** and is incorporated herein by reference.  Further, true and correct copies of each Debtor's guaranty are attached hereto as ***Exhibit C*** and are incorporated herein by reference.

5.      In addition to Movant's Deed of Trust lien encumbering the Property, which holds a second lien position, pursuant to the Debtors schedules, the Property is encumbered by a first lien securing a loan to Bok Financial, in the original principal amount of $68,000.00. Again, pursuant to the Debtors' schedules, the amount currently due is approximately $64,012.00.

2

6.      Pursuant to the terms of the Note, the Debtor is required to remit monthly payments to Movant on the first day of each month of interest only.  If a monthly payment is not received by Movant by the end of five (5) days after the date it is due, Debtor is assessed a late fee in the amount of 5% of the overdue payment of principal and interest.  Moreover, the Note has a maturity date of March 1, 2019, by which the entire amount of the unpaid principal, together with all accrued and unpaid interest, and all other sums due under the Note shall be repaid.

7.      As of December 23, 2019, the balance due and owing to Movant under the Note was $45,105.21.

8.      The Debtor is in default as the Note has matured and not been paid. Specifically, though the Debtors continue to pay the monthly interest incurred at the non-default rate, the Borrower has failed to pay all amounts due and owing to Movant on or since March 1, 2019.

9.      Moreover, late charges for the failure to make the full payment due on March 1, 2019 are $2,000.00, additional interest due at the default rate from March 2, 2019 to December 23, 2019, is $1,979.21,[1] and attorney fees are in the amount of $945.00 together with the cost of filing this Motion, 181.00.

10.     The Debtors assert in Schedule A/B that the value of the Property is $115,000.00.

11.     The Trustee has filed a Report of No Distribution in this matter indicating that there is no equity in the Property for the benefit of the creditors.

## Argument

12.     Sufficient cause exists warranting relief from the automatic stay imposed by 11 U.S.C. § 362(a) so as to enable Movant to foreclose on the Property.  "While the term 'cause' is

not defined in the Bankruptcy Code and the legislative history sheds little light on its meaning, it is well established under decisional law that a debtor's failure to make post-petition mortgage payments in bankruptcy rehabilitation proceedings can constitute cause for relief under § 362(d)(1)." *In re Uvaydov*, 354 B.R. 620, 623-24 (Bankr. E.D.N.Y. 2006) (citing to *Ellis v. Parr (In re Ellis),* 60 B.R. 432, 435 (B.A.P. 9th Cir.1985), *Equitable Life Assurance Soc'y v. James River Assocs. (In re James River Assocs.),* 148 B.R. 790, 797 (E.D.Va.1992) and *In re Davis,* 64 B.R. 358, 359 (Bankr.S.D.N.Y.1986)).

13      Movant lacks adequate protection of its interest in the Property.  *In re Atrium Development Co.*, 159 B.R. 464, 471 (Bankr. E.D. Va. 1993) ("Case law has almost uniformly held that an equity cushion under 11% is insufficient to constitute adequate protection, and case law is at best divided on whether an equity cushion of 12% to 20% constitutes adequate protection.").

14.      Movant asserts that (1) the failure to pay the Note balance at maturity or thereafter, (2) the lack of sufficient equity in the Property to provide adequate protection to the Movant, and (3) that the Property is not part of a reorganization plan all constitutes sufficient cause for termination of the automatic stay, pursuant to 11 U.S.C. §362(d)(1).

15.      Movant further asserts that there is no equity in the Property for the benefit of creditors and the Property is not necessary for an effective reorganization.

16.      As required by Local Bankruptcy Rule 9013-2, Movant hereby states that no memorandum will be filed and that it will rely solely upon this Motion.

  **WHEREFORE**, Movant respectfully requests this Court to enter an Order:

  (A)   Lifting the automatic stay imposed by 11 U.S.C. §362(a) to allow Movant to foreclose on the Property; and

---

[1]      The difference between contract interest of 14%, which was paid by the Debtors, and the default rate of

(B)   Granting such other and further relief as equity and justice may require.

           /s/ Scott Robinson
           Scott R. Robinson, Bar No. 10184
           HOFMEISTER & BREZA
           11019 McCormick Road, Suite 400
           Hunt Valley, Maryland 21031
           (410) 832-8822, ext. 208
           ScottR@hbllaw.com

           *Attorneys for Movant*

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 27th day of December, 2019, a copy of the foregoing was served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Nicholas A. Hildebrandt        Andrew I. Fury, Esq.
Ashley I. Hildebrandt          6931 Harford Road
45 Dendron Court            Baltimore, MD 21234
Baltimore, MD 21234         *(Attorney for Debtor)*
*(Debtors)*                  *Via CM-ECF*
*Via First-Class Mail*

Marc Baer
455 Main Street
Reisterstown, MD 21136
*(Chapter 7 Trustee)*
*Via CM-ECF*

           /s/  Scott Robinson
           Scott Robinson

interest of 20% is 6%.  The per diem difference is $6.664 (.06/360 * 40,000) times 297 days equals $1,979.21.